## Ridenour v. Holman et al.

*Ladner & Ladner*, for plaintiff; *Horace M. Rumsey*, for defendants.

THOMAS, P. J., fifty-sixth judicial district, specially presiding, September 29, 1931.—The plaintiff conducts flower shops at Thirty-third and Dauphin Streets, and at No. 224 South Seventeenth Street, in the City of Philadelphia, under the name of "Ridenour's," and by his bill asks that a prospective partnership between the defendants be restrained from using the name of "Ridenour & Bossow."

While it is true that the defendants Ridenour and Bossow intend to conduct a flower shop at No. 1639 North Broad Street, Philadelphia, so far the partnership has not been formed. It is yet in its preliminary stages. How the conduct of business by the defendants is going to affect the business of plaintiff is speculative and conjectural, based on unfounded fears, and until the partnership is consummated, and the acts of the copartners are such that the plaintiff would be pecuniarily damaged by the actual fraud or deceit of the partnership, a court of equity cannot lay hands on the partnership. There is no testimony that deception or fraud is being practiced by the defendants, and no substantial testimony that the public will be misled in the use of the trade name "Ridenour & Bossow," or that it will be represented that the flower shop, when opened at No. 1639 North Broad Street, belongs to or is conducted by the plaintiff.

Mrs. Ridenour has a right to the use of the surname. It is said in Kerr on Injunctions (6th ed.), 344: "A man has a right, so long as he acts honestly, to sell goods under his own name, although another may have been long selling the same class of goods under the same name, and although the goods, as associated with his name, may have acquired a reputation in the market."

It is stated in Kerly on Trade Marks and Trade Names (5th English ed.), 10: "A man may honestly trade under his own name and describe his goods by it, whatever the consequences may be," and at page 633: "It has frequently been stated as a general rule that any man may, so long as he acts honestly, trade under or describe his goods by his own name, or the names of himself and his partner, even though the similarity of such name or names

to the name under which another person has previously been trading, or to the trade name of that other's goods, may occasionally lead to confusion or lead to the business or goods of the newcomer being mistaken for the business or goods of the earlier trader."

As the prayer of the bill asks that the partnership be enjoined from using such name, we are of opinion that in the present state of the record, and from the testimony, this cannot be done, as no irreparable injury has been shown.

The rule for a preliminary injunction is discharged.

The defendants have been granted a rule to show cause why the partnership name should not be stricken from the bill, for the reason that no such partnership exists. This petition is presented under the Act of March 5, 1925, P. L. 23, which provides that, whenever in any proceeding at law or equity the question of jurisdiction over the defendant, or of the cause of action for which suit is brought, is raised in the court of first instance, it shall be preliminarily determined by the court.

However, it may appear at the final hearing that the partnership is formulated. Then the plaintiff would have the right to amend his bill setting forth that the partnership had been consummated.

The rule to show cause why the partnership name should not be stricken from the bill is discharged without prejudice.